**THIRD DIVISION**
**ELLINGTON, P. J.,**
**DILLARD and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules

**February 22, 2016**

# In the Court of Appeals of Georgia

A15A1885. CLARK v. THE STATE.

MCFADDEN, Judge.

After a jury trial, Cleveland Clark was convicted of armed robbery. He appeals, challenging the trial court's exclusion of evidence of the victim's prior first offender guilty plea and his trial counsel's effectiveness. However, Clark has failed to show that the trial court abused its discretion in excluding the first offender evidence or that his trial counsel's performance was prejudicial. Accordingly, we affirm.

Construed in the light most favorable to the verdict, see *Jackson v. Virginia*, 443 U. S. 307 (99 SCt 2781, 61 LE2d 560) (1979), the evidence shows that on the night of January 13, 2012, the victim and a friend drove to a restaurant parking lot to meet, and purchase marijuana from, Willie Montfort. When the victim and his friend arrived at the parking lot, Montfort was already there with Clark. Montfort and Clark

left their car, in which there were also two other occupants, and got into the back seat of the victim's car. Montfort then pointed a pistol at the victim and took his wallet, cell phone and pocketknife. At the same time, Clark brandished a pistol and took money and cigarettes from the victim's friend. Clark and Montforth then fled from the scene in their car, along with the other two occupants of the car. As they fled, they passed a police officer who was in his patrol car in the parking lot. The victim drove over to the officer and reported that the occupants of the fleeing car had just robbed them. The officer followed Clark and Montforth's car and pulled it over a short distance from the scene of the robbery as other officers arrived. Officers found Clark in possession of the victim's cell phone and knife; and inside the car, they found marijuana, money, two BB pistols, cigarettes, and the victim's wallet.

Clark and Montfort were jointly indicted and tried before a jury on two counts of armed robbery of the victim and of his friend. The jury found both Clark and Montfort guilty of the count of armed robbery of the victim, but not guilty of the count of armed robbery of the friend. Clark moved for a new trial, but the trial court denied the motion. This appeal followed.

1. *Victim's first offender plea.*

Clark contends that the trial court erred in not allowing him to impeach the victim with evidence of the victim's prior first offender guilty plea to an offense of possession of marijuana with intent to distribute. However, "[b]ecause first offender status is not considered an adjudication of guilt, a first offender plea cannot be used to impeach a witness on general credibility grounds [Cits.]" *Rivers v. State*, 296 Ga. 396, 401 (5) (768 SE2d 486) (2015). See also OCGA § 24-6-609 (c) (new evidence code provision likewise mandating that evidence of first offender adjudication shall not be used to impeach any witness). Nevertheless, citing *Matthews v. State*, 268 Ga. 798 (493 SE2d 136) (1997), Clark argues that he should have been allowed to use the victim's first offender plea to contradict facts to which he testified. As an initial matter, *Matthews* does not expressly establish that a first offender plea may be used to impeach a witness in that manner. Rather, in that case, the Georgia Supreme Court noted that it was "not decid[ing] whether a first offender record may be used for purposes of impeachment to disprove or contradict the testimony of the witness." Id. at 802 (4), n. 2. But even assuming for the sake of argument that a first offender plea could be used against a witness in a criminal case to disprove or contradict his testimony, Clark has made no showing that evidence of the victim's first offender plea in a prior unrelated case would have disproved his testimony in this case that he

3

was robbed during a purported drug transaction. We thus find no abuse of the trial court's discretion in excluding evidence of the first offender plea since such evidence "simply was not pertinent to the critical fact[s] in question in [Clark's trial for armed robbery.]" *Rivers*, supra at 402 (5).

2. *Ineffective assistance of counsel.*

Clark claims that his trial counsel was ineffective in failing to elicit a ruling from the trial court as to all the grounds raised as to the admissibility of evidence of the victim's first offender plea and in failing to move again for the admissibility of such evidence after co-defendant Montfort's testimony. We disagree.

> To prevail on [this] ineffective assistance of counsel claim, [Clark] must show (1) that his counsel's performance was deficient and (2) that the deficient performance so prejudiced him that there is a reasonable likelihood that, but for counsel's errors, the outcome of the trial would have been different. . . . [I]f [Clark] fails to meet his burden of proving either prong, then we do not need to examine the other prong.

*Matabarahona v. State*, ___ Ga. App. ___ (2) (Case No. A15A1601, decided November 20, 2015) (citations and punctuation omitted).

In this case, even if we assume, without deciding, that counsel performed deficiently, Clark has failed to show any prejudice because there is no reasonable likelihood that the outcome of the trial would have been different given the

4

overwhelming evidence of guilt. See *Paschal v. State*, ___ Ga. App. ___ (3) (Case No. A15A1239, decided November 18, 2015) (in light of overwhelming evidence, defendant could not show prejudice prong of ineffective assistance claim). As recounted above, police caught Clark and his co-defendant as they fled from the scene of the robbery and found them to be in possession of both the weapons used in the robbery and the property stolen from the victim. Thus, Clark "has not shown that his trial counsel rendered ineffective assistance." Id.

*Judgment affirmed. Dillard and McFadden, JJ., concur; Ellington, P. J., concurs in the judgment only.*